**FARAH LAW, P.C.**
Neda Farah (State Bar No. 269819)
265 S. Doheny Drive
Suite 102
Beverly Hills, California 90211
Telephone: 310-666-3786
Facsimile: 775-261-1726
E-Mail: neda@nedafarahlaw.com
*Attorney for the Plaintiff*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW SMITH,<br><br>            Plaintiff,<br><br>      v.<br><br>UNITED AUTO CREDIT CORPORATION,<br><br>            Defendant. | Case No. 8:21-cv-00561<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227 ET SEQ.**<br><br>**2. VIOLATION OF THE OHIO CONSUMER SALES PRACTICES ACT, OHIO REV. CODE §1345.01**<br><br>**3. INVASION OF PRIVACY**<br><br>**4. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**<br><br>**DEMAND FOR JURY TRIAL** |

### COMPLAINT

NOW COMES Plaintiff, MATTHEW SMITH ("Plaintiff"), by and through his attorneys, complaining as to the conduct of UNITED AUTO CREDIT CORPORATION ("Defendant") as follows:

**NATURE OF THE ACTION**

1

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. § 227 *et seq.*, the Ohio Consumer Sales Practices Act ("OCSPA") pursuant to Ohio Rev. Code §1345.01 *et seq.*, as well as for Invasion of Privacy ("IOP") and Intentional Infliction of Emotional Distress ("IIED") stemming from Defendant's unlawful conduct.

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C. §227, 28 U.S.C. §§1331 and 1337(a), as the action arises under the laws of the United States. Supplemental jurisdiction exists for Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant resides within the Central District of California.

## PARTIES

4. Plaintiff is a disabled consumer over 18 years-of-age, and a "person" as that term is defined by 47 U.S.C. § 153(39).

5. Defendant "is a California based non-prime automotive lender serving dealers and their customers across the United States since 1996."[1] Defendant's principal place of business is located at 1071 Camelback Street, Suite 100, Newport Beach,

---

[1] https://www.unitedautocredit.net/about.aspx

2

California 92660. Defendant offers financial services to consumers throughout the United States, including those residing within the State of Ohio.

**FACTS SUPPORTING CAUSES OF ACTION**

6. In 2017, Plaintiff financed the purchase of his personal automobile, a 2006 Acura MDX, through Defendant.

7. Immediately after purchasing the vehicle, Plaintiff began experiencing a wide-array of issues with the vehicle, including engine problems.

8. This was highly distressing to Plaintiff, as he had hardly driven the automobile, but yet, the vehicle clearly had pre-existing issues when it was sold to him.

9. Plaintiff has informed Defendant on numerous occasions regarding the condition of the vehicle.

10. In one instance, Plaintiff was driving the automobile with his family in the middle of the summer, when the vehicle broke down in the middle of the highway, leaving Plaintiff and his family stranded.

11. At that point, Plaintiff stopped making payment to Defendant, which caused him to become delinquent on the loan, thus incurring debt ("subject debt").

12. As a result of Plaintiff's purported non-payment, the vehicle was subsequently repossessed.

13. Since around late 2018, Plaintiff has been receiving periodic collection calls to his cellular phones, (513) XXX-8293 and (513) XXX-4091, from Defendant.

14. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone numbers ending in -8293 and -4091. Plaintiff is and always has been financially responsible for the cellular phone and its services.

15. During answered calls from Defendant, Plaintiff was often greeted by a pre-recorded message or a noticeable pause, lasting a handful of seconds in length, before he was connected with one of Defendant's representatives.

16. Plaintiff has repeatedly informed Defendant that he would not make payment toward a vehicle that he was unable to drive, and he demanded that Defendant stop calling him.

17. In response, Defendant's representatives have threatened Plaintiff with legal action should he refuse to remit payment.

18. Defendant also defied Plaintiff's request and continued to systematically place phone calls to Plaintiff's cellular phone through late 2020.

19. Plaintiff has received not less than 10 phone calls from Defendant since asking it to stop calling.

20. Defendant has also continued to regularly send emails to Plaintiff regarding his purported delinquency.

21. Moreover, even after Plaintiff notified Defendant of the location of the vehicle, Defendant still outrageously entered Plaintiff's property in an effort to locate the automobile.

22. Plaintiff has informed Defendant to refrain from entering his property, but yet, Defendant has sent representatives to Plaintiff's property a handful of times thereafter.

23. Plaintiff did not feel safe in his own home and felt extremely threatened by Defendant's conduct, as his privacy and property were invaded via Defendant's forceful efforts to harass Plaintiff into submission.

24. Frustrated over Defendant's conduct, Plaintiff spoke with his attorneys regarding his rights, resulting in expenses.

25. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

26. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls and severe emotional distress.

**COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

27.  Plaintiff repeats and realleges paragraphs 1 through 26 as though fully set forth herein.

28.  The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") *or* pre-recorded messages without their consent.  The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

5

29. When placing calls to Plaintiff's cellular phone, Defendant has subjected Plaintiff to a pre-recorded message before connecting him with a live representative.

30. Defendant violated the TCPA by placing at least 10 phone calls to Plaintiff's cellular phone using pre-recorded messages and an ATDS without his consent. Any consent that Plaintiff may have given to Defendant was specifically revoked by Plaintiff's demands that it cease contacting him.

31. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

32. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, MATTHEW SMITH, respectfully requests that this Honorable Court enter judgment in his favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

   b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

   c. Awarding Plaintiff costs and reasonable attorney fees;

   d. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES ACT

33. Plaintiff restates and realleges paragraphs 1 through 32 as though fully set forth herein.

34. Plaintiff is a "person" and "consumer" as defined by Ohio Rev. Code §1345.01(B) and (D).

35. Defendant's collection efforts constitute a "consumer transaction," as the term is defined by Ohio Rev. Code §1345.01(A).

36. Defendant is a "supplier" as defined by Ohio Rev. Code §1345.01(C).

#### a. Violations of OCSPA § 1345.02

37. The OCSPA, pursuant to Ohio Rev. Code §1345.02 states that "No supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction. Such an unfair or deceptive act or practice by a supplier violates this section whether it occurs before, during, or after the transaction."

38. Defendant violated §1345.02 of the OCSPA when it used unfair means to collect and/or attempt to collect the subject debt. Because the underlying automobile was never functioning in the condition in which it was warranted, Plaintiff informed Defendant that he did not wish to receive any further communications regarding the subject debt. Yet, Defendant threatened Plaintiff with legal action and continued its systematic efforts to collect upon the subject debt via automated phone calls and emails. Defendant's conduct did not stop there, however, as on a handful of

occasions, Defendant sent representatives to Plaintiff's home in an effort to locate the automobile, despite knowing that the vehicle was not at Plaintiff's address. Through its threatening and harassing conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to continue contacting him and entering his personal property, when it did not have any permission or legal right to do so.

### b. Violations of OCSPA § 1345.03

39. The OCSPA, pursuant to Ohio Rev. Code §1345.03 states that "No supplier shall commit an unconscionable act or practice in connection with a consumer transaction. Such an unconscionable act or practice by a supplier violates this section whether it occurs before, during, or after the transaction."

40. Defendant violated §1345.02 of the OCSPA when it unfairly and unconscionably attempted to collect on the subject by placing systematic phone calls and emails to Plaintiff after being told to cease communications. Moreover, Defendant had knowledge that the underlying automobile was not at Plaintiff's residence, but yet, it repeatedly ordered its representatives to enter Plaintiff's property to locate the automobile and/or collect upon the subject debt. This conduct is unconscionable and should not be tolerated in any civilized society.

WHEREFORE, Plaintiff, MATTHEW SMITH, respectfully requests that this Honorable Court enter judgment in his favor as follows:

  a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

8

b. Award Plaintiff actual damages, pursuant to Ohio Rev. Code §1345.09(A);

c. Award Plaintiff statutory damages up to $5,000.00, pursuant to Ohio Rev. Code §1345.09(A);

d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Ohio Rev. Code §1345.09(F);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Award any other relief as this Honorable Court deems just and proper.

### COUNT III-INVASION OF PRIVACY-INTRUSION UPON SECLUSION

41. Plaintiff restates and realleges paragraphs 1 through 40 as though fully set forth herein.

42. Defendant, through its barrage of communications, including entering Plaintiff's personal property, has repeatedly and intentionally invaded Plaintiff's privacy.

43. Defendant's unsolicited harassment campaign severely disrupted Plaintiff's privacy, disrupted Plaintiff's overall focus, and continually frustrated and annoyed Plaintiff to the point where Plaintiff was denied the ability to quietly enjoy his life, instead having it upended by Defendant's unlawful efforts to collect upon the subject debt.

44. Defendant's intrusive and persistent efforts eliminated the peace and solitude that Plaintiff would have otherwise had in Plaintiff's home.

9

45. By sending representatives to Plaintiff's home, Defendant gave Plaintiff no reasonable escape from its collection campaign, and made Plaintiff feel unsafe in his own home.

46. As detailed above, Defendant invaded Plaintiff's legally-protected right to privacy, and caused Plaintiff to suffer concrete and particularized harm.

47. Defendant's relentless collection efforts and tactics are highly offensive to a reasonable person.

WHEREFORE, Plaintiff, MATTHEW SMITH, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages;

c. Award Plaintiff punitive damages;

d. Award Plaintiff reasonable attorney's fees and costs;

e. Enjoining Defendant from contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT IV– INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

48. Plaintiff restates and realleges paragraphs 1 through 47 as though fully set forth herein.

49. Under California state law, "the elements of a prima facie case for the tort of intentional infliction of emotional distress are that defendant's extreme or outrageous

acts be made in reckless disregard of the fact that his or her conduct would cause plaintiff severe or extreme emotional distress. *Bundren v. Superior Ct.,* 145 Cal. App. 3d 784, 791, 193 Cal. Rptr. 671, 675 (Ct. App. 1983).

50. Defendant acted outrageously and recklessly during its collection efforts against Plaintiff in such a manner so as to cause severe emotional distress. Defendant intended to communicate with Plaintiff and threaten him by sending representatives to his home on multiple occasions. Defendant had numerous notices that Plaintiff did not wish to continue communications, and even had knowledge that Plaintiff was not in possession of the automobile. Yet, Defendant intentionally and willfully intended to cause serious emotional distress to Plaintiff when it sent agents to Plaintiff's home in an effort to frighten him into submission. Defendant's conduct was extreme and outrageous.

51. Defendant's conduct caused Plaintiff severe emotional and physical distress. As a result of Defendant's conduct, Plaintiff has become severely emotionally distressed, both stemming from his inability to get Defendant's communications to stop, as well as the fear and anxiety stemming from Defendant's harassing campaign.

WHEREFORE, Plaintiff, MATTHEW SMITH, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and constitute intentional infliction of emotional distress under Texas law;

b. Awarding Plaintiff actual damages in connection with Defendant's extreme conduct;

11

c. Awarding Plaintiff punitive damages as a result of Defendant's extreme conduct; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: March 26, 2021          Respectfully submitted,

By: /s/ Neda Farah
Neda Farah, Esq.
**FARAH LAW, P.C.**
265 S. Doheny Drive
Suite 102
Beverly Hills, California 90211
Telephone: 310-666-3786
Facsimile: 775-261-1726
E-Mail: neda@nedafarahlaw.com